UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE ARTHUR SEID,

        Petitioner,

v.                                               CASE NO. 08-14198
                                               HONORABLE JOHN CORBETT O'MEARA

DEBRA SCUTT,

        Respondent.

_____/

**<u>ORDER
DENYING RESPONDENT'S MOTION TO DISMISS AND
DIRECTING PETITIONER TO NOTIFY THE COURT WHETHER
HE WANTS TO DELETE HIS UNEXHAUSTED CLAIMS
OR TO PURSUE ADDITIONAL REMEDIES IN STATE COURT</u>**

Petitioner Wayne Arthur Seid has filed a *pro se* habeas corpus petition challenging his Macomb County convictions for first-degree murder and possession of a firearm during the commission of a felony (felony firearm). Pending before the Court is Respondent Debra Scutt's motion to dismiss the petition. Although the Court agrees with Respondent that Petitioner did not exhaust state remedies for all his claims, a dismissal of this action could result in a subsequent petition being barred by the one-year statute of limitations. The Court therefore will deny Respondent's motion and allow Petitioner to decide whether he wants to delete his unexhausted claims or to pursue additional state court remedies.

**I. Background**

**A. The State Court Proceedings**

On November 17, 2005, a Macomb County Circuit Court jury found Petitioner guilty of

first-degree (premeditated) murder, MICH. COMP. LAWS § 750.316(1)(a), and felony firearm, MICH. COMP. LAWS § 750.227b.  Petitioner was sentenced to two years in prison for the felony firearm conviction and to life imprisonment for the murder.

In an appeal of right, Petitioner argued that:  (1) the evidence was insufficient to support his murder conviction; (2) he was denied his right to remain silent by evidence of his post-arrest silence; (3) he was denied his right to present a defense by the prosecution's loss of exculpatory evidence, and counsel was ineffective for failing to request a hearing and an appropriate jury instruction; and (4) he was denied his right to a fair and impartial jury and effective assistance of counsel where a juror revealed that she knew the victim's family and no further inquiry was conducted.

In a motion to remand his case to the trial court for an evidentiary hearing, Petitioner claimed that trial counsel failed to:

> 1) request a hearing on the loss or destruction of potentially exculpatory evidence;
> 
> 2) request an instruction that the missing evidence would be favorable to the defendant;
> 
> 3) obtain records of the defendant's telephone calls to substantiate his claim that he was told to place the gun in the case and put the shells on the table;
> 
> 4) introduce evidence of either the defendant's peaceful character or the victim's violent character;
> 
> 5) request a hearing into the bias of the juror who informed the court that she knew the victim's sister;
> 
> 6) introduce evidence that Officer Chojnowski advised the defendant not to say anything in the police car on the way to the jail;
> 
> 7) object to (a) the prosecutor's closing argument about the defendant's exercise of his right to remain silent and (b) the prosecutor's insinuation that the defendant lied about Officer Chojnowski's statement.

The Michigan Court of Appeals denied Petitioner's motion for a remand and affirmed his convictions in an unpublished *per curiam* opinion. *See People v. Seid*, No. 267900 (Mich. Ct. App. Sept. 6, 2007). On January 8, 2008, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Seid*, 480 Mich. 1009; 743 N.W.2d 20 (2008) (table).

### B. The Habeas Petitions and Motion to Dismiss

On September 30, 2008, Petitioner filed a habeas petition, which set forth four claims: (1) prosecutorial misconduct; (2) ineffective assistance of trial counsel; (3) denial of the right to a fair and impartial jury; and (4) the cumulative effect of errors deprived Petitioner of a fair trial and due process of law. The first and second claims contained multiple sub-claims. Respondent moved to dismiss the petition on the ground that Petitioner failed to exhaust state remedies for sub-claims alleging that: (1) the prosecutor and the prosecutor's rebuttal witness knowingly perjured themselves; (2) trial counsel failed to investigate the victim's criminal history; and (3) trial counsel was ineffective for failing to file a motion to determine whether Petitioner's mumblings were involuntary statements.

Petitioner subsequently filed an amended habeas petition in which he added some claims and deleted other claims. He did not seek leave of court to file the petition. Nor did he obtain written consent from Respondent to file an amended petition. The amended petition therefore is an unauthorized petition. Fed. R. Civ. P. 15 (a)(2). Respondent, however, has not objected to the filing of the amended petition, and "[t]he court should freely give leave [to amend] when justice so requires." *Id.* Accordingly, the Court accepts the amended petition.

The amended petition supercedes and replaces the initial petition filed on September 30,

2008, because Petitioner did not incorporate or reference the issues in the original petition. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n. 1 (11th Cir.1999); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992). The amended petition relates back to the date of the initial petition because the claims do not differ in both time and type from those in the original pleading. 28 U.S.C. § 2242; Fed. R. Civ. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

The claims in the amended petition read as follows:

I. The evidence was insufficient to support the verdict of first degree premeditated murder and Petitioner's conviction is a denial of due process. U.S. Constitution Amendment XIV.

II. The prosecutor's misconduct denied the petitioner a fair trial and due process of law in violation of Amendments V, VI, and XIV of the United States Constitution.

    A. Improper cross-examination violating Mr. Seid's right to remain silent: *Doyle* violation.

    B. Prosecutor's cross-examination of Defendant Mr. Seid.

    C. Prosecution's improper closing arguments

    D. Suppression of Evidence "*Brady* Violation"

    E. Lied about Seid's erratic statements (there was no knife) Never told his Dr.

    F. Citing the wrong law duty to retreat & amount of force necessary

    G. False testimony and facts (tells COA Defendant's instruction were used)

    H. Arguing to the jury that Seid is a liar, and the judge will tell you that you can't believe anything that a liar says.

      I. Prosecution's use of perjured testimony to secure a conviction

      J. Denied Petitioner right to present a complete defense in multiple ways

III. The petitioner received ineffective assistance of counsel at his trial in violation of Amendment VI, XIV of the United States Constitution

    A. Trial counsel failed to investigate, prepare, and present witnesses

        1. Failure to fully develop the facts of self-defense
        2. Failure to secure victim's criminal record
        3. Failure to secure Petitioner's post arrest statements
        4. Failure to file pre-trial suppress motion
        5. Failure to call character witnesses on behalf of Mr. Seid
        6. Failure to object to admission of victim's peaceful nature

    B. Failure to request a hearing on missing and incomplete testing of evidence *"Brady* Material"

    C. Failure to request an instruction that missing evidence would be favorable to Mr. Seid

    D. Failure to obtain records of telephone calls made by Mr. Seid from his hotel room to substantiate his claim that he was told to place the gun in the case and the shells on the table

    E. Failure to call corroborating witness for Mr. Seid's statement

    F. Failure to object to prosecutor's closing argument

IV. Petitioner was denied his right to a fair and impartial jury when the trial court abused its discretion by not allowing further inquiry after the first witness testified, and a juror revealed that he knew the victim's family. This is a violation of due process Amendment VI, XIV.

V. The cumulative effect of the errors at the Petitioner's trial denied his right to due process of the law and a fair trial, as guaranteed by Amendments V, VI, and XIV of the United States Constitution.

## II. Discussion

### A. Exhaustion of State Remedies

The doctrine of exhaustion of state remedies requires state prisoners to present their claims in state court before raising them in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1)(A) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review in the state supreme court, when that review is part of the state's ordinary appellate review procedure. *O'Sullivan*, 526 U.S. at 845, 847. This means that a habeas petitioner must present his or her issues to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)). "Although the exhaustion doctrine is not a jurisdictional matter, *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000), it is a threshold question that must be resolved before [courts] reach the merits of any claim." *Id.* at 415. The petitioner carries the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

### B. Application

A review of the record demonstrates that Petitioner raised his first claim (insufficient evidence), his fourth claim (impartial jury), and portions of his second and third claims (prosecutorial misconduct and ineffective assistance of counsel) in the Michigan Court of Appeals and in the Michigan Supreme Court. He did not raise his fifth claim (cumulative effect of errors) in either court. He also did not raise sub-claims II.E-J and III.A.1-4 and 6 in the

6

State's appellate courts. The amended petition therefore is a "mixed" petition of exhausted and unexhausted issues.

Habeas petitions containing unexhausted issues are subject to dismissal, *Rose v. Lundy*, 455 U.S. 509, 522 (1982), but a dismissal of the petition could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Accordingly, Respondent's motion to dismiss [Dkt. #5] is **DENIED**. Petitioner shall notify the Court within **thirty (30) days** whether he wants to (1) delete his unexhausted claims (II.E-J, III.A.1-4 & 6, and V) and have the Court proceed with his exhausted claims (I, II.A-D, III. A.5 & B-F, and IV) **or** (2) return to state court to pursue additional state remedies.[1] If Petitioner chooses to return to state court, the Court will consider staying his case pending exhaustion of additional state remedies.

s/John Corbett O'Meara<br>
United States District Judge

Date: March 4, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 4, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz<br>
Case Manager

---

[1] As explained by the Sixth Circuit in *Wagner v. Smith*, 581 F.3d at 414:

> Under Michigan Court Rules 6.500 et seq., a Michigan state defendant may file one post-conviction motion for relief from judgment in addition to a direct appeal as of right. This "6.500 motion" is to be filed in the county circuit court and can be appealed to the Michigan Court of Appeals and the Michigan Supreme Court. See M.C.R. 6.509.